No. 10,198.

TRAVELLERS INSURANCE COMPANY v. PATTEN ET AL.

MORTGAGE.—*Foreclosure.—Subsequent Purchaser.—Parties.—Judgment.*—When the owner of the equity of redemption, a subsequent purchaser, is not made a party to the foreclosure of a mortgage, such proceedings do not affect him, and such mortgage, though the premises are purchased under such foreclosure, remains unforeclosed as to him.

SAME.—In an action to foreclose such mortgage against such purchaser, in which the facts are specifically found, no foreclosure can be ordered where the court fails to find that anything is due upon the mortgage.

SAME.—*Title.—Judgment.—Replevin Bail.*—Where such purchaser claims a superior title to such premises by virtue of a judgment upon which it is claimed a former owner of the land became replevin bail, it is necessary that the court should find such fact, and not merely the evidence of such fact.

SAME.—*Record.—Indexing Replevin Bail.—Lien.*—Where such bail is entered, but is not indexed in the name of such bail, the same does not constitute a lien on his land against subsequent *bona fide* purchasers or mortgagees without notice.

SAME.—*Evidence.—Notice.—Finding.—Presumption.*—The burden of showing notice is upon the party who asserts title through the judgment, and where the finding is silent upon such question, it will be deemed a finding against the party upon whom the burden rests.

SAME.—*Tax Sale.—Lien.*—Such purchaser can not acquire title to such land as against the mortgagee by purchasing the same at tax sale for an insignificant sum, nor can he assert a lien upon such land for the amount of taxes paid while he has in his hands rents and profits of such land largely in excess of the amount of taxes paid.

SAME.—*Compensation for Improvements Made under Tax Title.*—Such purchaser is not entitled to compensation for improvements made by him as owner upon such land.

From the Sullivan Circuit Court.

*F. H. Levering, S. Coulson, U. Coulson, D. V. Burns* and *C. S. Denny,* for appellant.

BEST, C.—The appellant brought this action. Its complaint consisted of two paragraphs. The first sought the foreclosure of a mortgage against the appellees as subsequent purchasers. The second alleged that the appellant acquired

VOL. 98.—14

title to the premises in the complaint described through the foreclosure of said mortgage, and sought to quiet such title and to recover possession.

The appellee James B. Patten filed a cross complaint of two paragraphs, in each of which he claimed title to said land through prior liens, and he sought to quiet such title against the appellant's mortgage.

Issues were formed, a trial had, the facts specially found, conclusions of law stated, a new trial denied appellant, and judgment rendered for the appellees, awarding James B. Patten the several sums of money expended by him for improvements, for taxes and in purchasing the land at sheriff's sale, and in default of the payment of said sums within a stated time, it was ordered that the title of said James B. Patten be quieted as against the appellant's mortgage. Exceptions were reserved to the conclusions of law, and to the ruling upon the motion for a new trial. These are assigned as error.

The facts found and the conclusions of law stated are in these words:

"*First.* It was agreed by the parties at the trial, that William T. Crawford, in the year 1870, had a good fee simple title to the following described real estate, situate in Sullivan county, in the State of Indiana, to wit: The southeast quarter of section sixteen (16), township nine (9) north, and range eight (8) west, containing 160 acres, and continued to have and hold the same until the 14th of November, 1874.

"*Second.* The court finds that said Crawford conveyed the same to N. G. Buff, on the 14th day of November, 1874, and the deed was recorded in the recorder's office of Sullivan county, Indiana, on the — day of ——, 1874.

"*Third.* On the 11th day of May, 1875, said Buff conveyed the same to Fidelia Stover, and said deed was recorded in said office on the — day of ——, 187–.

"*Fourth.* On the 28th day of December, 1875, said Stover

and her husband conveyed the same to William T. Crawford, and said deed was recorded on the — day of ——, 187–.

"*Fifth.* On the 22d day of January, 1876, said Crawford mortgaged the same and other lands to the plaintiff, to secure the payment of $5,000. Said mortgage was recorded in said office on the 25th day of January, 1876.

"*Sixth.* On the 17th day of July, 1879, the circuit court of the United States for the District of Indiana, entered a decree of foreclosure of said mortgage.

"*Seventh.* In pursuance of said decree and by virtue thereof, the said real estate was regularly sold on the 12th day of September, 1879, and the plaintiff became the purchaser, and having complied with the terms of the sale, obtained a certificate of purchase; that said real estate was not redeemed within one year, and on the 9th day of November, 1880, said plaintiff received a deed therefor.

"*Eighth.* On the 21st day of January, 1874, in the Sullivan Circuit Court, Peter Hill recovered a judgment against William M. Weir and Martin L. Buff, for $614 and $10.60 costs.

" On the 23d day of February, 1874, execution was issued thereon, and went into the hands of the sheriff of Sullivan county, on the same day, at 9 o'clock A. M. While the execution was in the hands of the sheriff, to wit, on the 21st day of March, 1874, one J. M. Weir signed the following entry, which was written by the clerk in the margin of the order-book, opposite the judgment of Peter Hill against William M. Weir and Martin L. Buff, to wit:

"'We acknowledge ourselves replevin bail for the payment of this judgment, interest and costs, within the term prescribed by law for the stay of execution. March 21st, 1874.

"'J. M. WEIR,

"'. . . . . . .'

" There was no approval endorsed by the clerk, nor did he notify the sheriff that execution was stayed.

" On the 9th day of May, 1874, the sheriff returned the execution with this endorsement thereon, to wit:

" ' May 4th, 1874. We acknowledge ourselves replevin bail for the payment of this judgment, interest and costs, within the time prescribed by law for the stay of execution.

" ' B. R. LUCAS,

" ' N. G. BUFF.

" ' May 9th, 1874. This execution returned stayed.

" ' JOHN F. CURRY, Sheriff.'

" Which recognizance was copied by the clerk in the execution docket, but was not indexed in the name of N. G. Buff.

" On the 24th day of April, 1877, said judgment was assigned by the plaintiff therein to the Vincennes National Bank, and execution for its benefit issued thereon, on the 1st day of May, 1877, against the original judgment defendants and said Lucas and N. G. Buff as replevin bail, and on the 31st day of August, 1877, N. G. Buff, per G. W. Buff, paid to the sheriff $200 thereon. Between the time of issuing the first execution on said judgment and the 24th day of April, 1879, several executions had issued, and a portion of the judgment satisfied, but not in full, but the property of the original judgment defendants was exhausted. On the 24th day of April, 1879, execution issued thereon for the balance then due, to wit, $225.67 and $100 costs against the original judgment defendants, and the said Lucas and Buff as replevin bail, and was by the sheriff levied upon said real estate as the property of N. G. Buff, the original judgment debtors having no property out of which the same could be levied; and after duly advertising the same sold the said real estate at the door of the courthouse of Sullivan county, on the 12th day of July, 1879, by public outcry and vendue, and the defendant James B. Patten became the purchaser at the price of $100, that being the highest bid, and paid the sheriff the same, and received from him a certificate of purchase; and said sum was a grossly inadequate price for said land; and the said real estate was not redeemed within the year, and on the 13th day of July, 1880, the sheriff of said county conveyed said real estate to said Patten, and it was duly recorded on the 29th day of July, 1880.

" *Ninth.* On the 7th day of March, 1879, Walter S. Maple, assignee of the estate of William T. Crawford, bankrupt, sold and conveyed said real estate to James B. Patten, and on the face of said deed it was recited that it was subject to plaintiff's mortgage. The assignee also sold to said Patten the growing crop of wheat then on the land.

" *Tenth.* On the 23d day of April, 1879, one George W. Buff, who was then and is now the law partner of the defendant James B. Patten, purchased at private sale at the auditor's office, in said county, the said real estate for $98.77, being the amount of taxes due on said land returned as delinquent in the name of William T. Crawford for the non-payment of taxes, costs and charges for the years 1875, '76, '77 and '78. The said purchase was made by said Buff for said Patten with partnership funds, and at the instance of said Patten, and the certificate of purchase issuing to the said Buff was by him assigned to the said Patten, and on the 25th day of May, 1881, the auditor conveyed the said land to the said Patten.

" W. T. Crawford owned no property out of which said taxes might have been levied. The defendant Patten took possession of said land after the wheat harvest of 1879, and has had possession ever since. The rental value of said real estate is $200 per year. The value of said real estate is $4,000. At the time of Patten's purchase of said real estate at sheriff's sale it was worth $3,500. The defendant has made valuable and lasting improvements on said real estate to the value of $162.50; he has paid taxes and penalties on said land, including the amount paid as above found by G. W. Buff, $226.90, which were liens on said lands.

"And upon the foregoing facts the court states the following conclusions of law :

"*First.* That James M. Weir did not become replevin bail for the stay of execution on the judgment of Peter Hill *v.* William M. Weir and Martin L. Buff, because the clerk did not approve his recognizance as such.

"*Second.* B. R. Lucas and N. G. Buff did become replevin

bail for the stay of execution on said judgment, and their undertaking as such was in effect a judgment confessed on the 9th day of May, 1874, and when N. G. Buff became the owner of the real estate in controversy, on the 14th day of November, 1874, the same attached as a lien thereon. And the said Patten is vested with the legal title of said real estate under a lien prior in time, and therefore superior in equity, to the plaintiff's right. The plaintiff was entitled to redeem the said real estate from the said Patten within the year; having failed to do that, it lost its statutory right to redeem; but in consideration of the grossly inadequate price paid by said Patten, in connection with the other facts and circumstances found, it is now entitled to redeem the same from said Patten, under the sheriff's sale and also under his tax title. The said Patten's title under the sale of the assignee, W. S. Maple, is subordinate and subject to the plaintiff's title. The said Patten is entitled to have refunded him the costs of the valuable and lasting improvements made, and the taxes paid upon said land, and the charges and penalties paid thereon.

"*Third.* The plaintiff is not entitled to any damages from the said defendant for the detention of said land, or for the use and occupation thereof, because he was entitled to use and occupy the same as against the plaintiff until plaintiff would redeem the same."

The court finds that the appellant acquired a lien by its mortgage upon the premises in dispute on the 22d day of January, 1876, and that the appellee James B. Patten acquired the equity of redemption by purchase from the assignee in bankruptcy of the mortgagor on the 7th day of March, 1879. The estate of said Patten thus acquired was, therefore, subject to the appellant's mortgage, and as said Patten was not made a party to its foreclosure, it remains unforeclosed as to him. *Holmes* v. *Bybee*, 34 Ind. 262; *Hosford* v. *Johnson*, 74 Ind. 479.

The mortgage being unforeclosed as to the appellees, the appellant is entitled to foreclose it as to them if there is any-

thing due upon it, and if said James B. Patten does not hold the land by virtue of a superior lien or liens.

Singularly enough, the court does not find that anything is due upon the mortgage. This was absolutely necessary in order to entitle the appellant to a decree of foreclosure. The fact that the property was ordered sold upon a decree of foreclosure that does not bind the appellees, undoubtedly raises the presumption that something is due upon the mortgage, but no judgment can be rendered upon such presumption. The fact must be found, and in the absence of such finding a foreclosure can not be ordered.

Do the facts found show that the appellee James B. Patten owned the land by virtue of a superior title? This is claimed through two alleged superior liens. The first is the lien of a judgment, and the other a lien for taxes. As to the first no title was acquired through such judgment, unless Nathaniel G. Buff, the subsequent owner of the land, became replevin bail upon such judgment. This fact is not found. The court, in its finding of facts, recites some evidence tending to establish such fact, but the fact itself is not found. It may be that the endorsement upon the execution and its return are *prima facie* evidence that N. G. Buff actually executed such undertaking, but this is not equivalent to a finding that he became replevin bail upon such judgment.

In addition to this, it is expressly found that such undertaking was not indexed in the name of N. G. Buff. This was necessary in order that such undertaking should constitute a lien upon such land against subsequent mortgagees for value and without actual notice. *Berry* v. *Reed*, 73 Ind. 235; *Bell* v. *Davis*, 75 Ind. 314.

The burthen was upon the appellees to show that the appellant had notice of such undertaking at the time it took its mortgage, and as the finding is silent upon such question, it must be deemed a finding that appellant had no such notice. *Graham* v. *State, ex rel.*, 66 Ind. 386; *Spraker* v. *Armstrong*, 79 Ind. 577.

As the appellant had no notice of such undertaking at the time it took its mortgage, it follows that the appellees acquired no title to said land by such purchase, as against the appellant, though said Buff did become replevin bail upon such judgment.

Nor can James B. Patten claim title to such land through its purchase for taxes. At the time he was the owner of the land under a purchase subject to the appellant's mortgage, and under these circumstances he can not purchase the land for an insignificant sum and hold it as against the appellant. *Fair* v. *Brown,* 40 Iowa, 209; *Morrison* v. *Bank, etc.,* 81 Ind. 335. Nor can he assert a lien for the taxes paid as against the appellant, for the reason that he has already received rents and profits largely in excess of the taxes paid, and it would, therefore, be inequitable to allow him such sum. Nor was the appellee entitled to compensation for improvements made. These were made by him as owner, and were subject to the appellant's mortgage which encumbered his estate precisely as any other improvements made upon encumbered property.

The appellant acquired no title to the land by virtue of its purchase under the foreclosure proceedings against James B. Patten, who was not a party, and consequently was not entitled to the rents and profits, nor was it compelled to pay for improvements in order to foreclose its mortgage. It, therefore, follows that the court erred in its second conclusion of law, and for such error the judgment should be reversed. As the amount due upon the mortgage is not found, a judgment of foreclosure can not be ordered, and, therefore, a new trial should be granted.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial.

Filed Nov. 15, 1884.