No. 13,671.

THE TRAVELLERS INSURANCE COMPANY *v.* PATTEN ET AL.

MORTGAGE.—*Foreclosure.*—*Subsequent Purchaser.*—*Taxes and Improvements.*—
*Attorney.*— *Unauthorized Contract of Settlement.*—*Ratification.*—*Deed.*—Where
it is adjudged in an action by A. to foreclose a mortgage that he shall
pay to B., who is a subsequent purchaser, a certain sum of money for
taxes paid and improvements made by the latter, and that B. shall
thereupon execute a deed to A. for the real estate, and afterwards
A.'s attorney, although having no authority to that end (of which want
of authority B. is ignorant), enters into a contract with B. that the pay-
ment of the judgment and the delivery of the deed and possession of
the real estate shall constitute a full settlement of the matters in con-
troversy between the parties, and the money is thereupon paid, the deed
executed and possession of the real estate delivered, A. can not, upon a
subsequent reversal of the judgment on appeal, he having received and
retained the benefits of the contract, and thereby ratified the same, re-
cover from B. the money paid.

From the Sullivan Circuit Court.

*F. H. Levering* and *D. V. Burns*, for appellant.

*J. C. Briggs, J. T. Beasley, J. T. Hays, A. B. Williams* and
*H. J. Hays*, for appellees.

OLDS, J.—This case has been in this court once before.
*Travellers Ins. Co.* v. *Patten*, 98 Ind. 209. After the case
was certified back to the Sullivan Circuit Court, the appel-
lant filed an amended and a supplemental complaint for the
recovery of the $523.13 which the appellant had paid to the
appellee James B. Patten. To the amended complaint ap-
pellees filed a disclaimer as to any interest in the land, and
answered the supplemental complaint by a general denial. The
parties, plaintiff and defendants, also entered into a written
agreement, which was filed in the cause, to the effect that
all evidence might be introduced and all defences made un-
der the general denial which might be introduced and made
under any special plea, the same as if specially pleaded, and

requested the court to make a special finding of the facts and state its conclusions of law thereon. Thereupon the court found the facts and stated its conclusions of law as follows:

" Finding of facts : That on the 22d day of January, 1876, William S. Crawford executed 'the mortgage and notes mentioned in the complaint; that the mortgage was properly filed for record and recorded in the recorder's office of Sullivan county, Indiana, on the 25th day of January, 1876 ; that the amount due on said notes and mortgage is $13,039, and a reasonable attorney fee for prosecuting the suit for foreclosure is $350 ; that on the 7th day of March, 1879, the legal title of said Crawford in said mortgaged premises described in the complaint, except the 16 acres in S. W. qr. of S. E. qr. of section 2, was conveyed to the defendant James B. Patten, and said Patten, at the time he received the conveyance, had notice of the existence and record of said mortgage, and said Sarah F. Patten is the wife of said James B. Patten ; that at the January term, 1882, of this court, on a trial of this cause, it was ordered, adjudged and decreed by the court that the plaintiff pay to said defendant James B. Patten the sum of $100, with ten per cent. interest thereon from the 12th day of July, 1879, and the further sum of $162.50 for valuable and lasting improvements made by said defendant on said real estate, and the further sum of $226.90, the taxes, interest and charges paid out by said defendant, said sum to be paid within four months from the date thereof; and upon the full and complete payment of said several sums within the time aforesaid, then it was ordered, adjudged and decreed by the court that said James B. Patten and his wife, Sarah Patten, convey to said plaintiff by quitclaim deed the said real estate, and upon defendants' default to do so, then, and in that event, —— be and he was appointed a commissioner of said court to make said conveyance ; and unless the plaintiff, within the time limited, should pay to the defendant James B. Patten the several amounts therein decreed to be

paid, then said plaintiff should be forever barred, and the defendant James B. Patten's title to said real estate should be forever quieted, and held good against the plaintiff and all persons claiming through or under it, and that defendants recover of plaintiff their costs therein laid out and expended, taxed at $—; that, on the 11th day of May, 1882, the plaintiff, by Sewell Coulson, one of its attorneys, paid to the clerk of said Sullivan Circuit Court the sum of $523.13 in payment of said judgment against plaintiff, and on the 15th day of May, 1882, said clerk paid said sum of money to the defendant James B. Patten, and on the same day said Patten and his wife, Sarah F. Patten, executed and delivered to the plaintiff a deed for the southeast quarter of section 16, in township 9 north, range 8 west, in said Sullivan county, containing 160 acres, and on the same day plaintiff took possession of said real estate under said deed, and has been in the continuous possession thereof ever since, and has received the rents, issues and profits thereof, amounting to $200 per annum, and has paid taxes thereon, amounting to $108.13, including taxes for the year 1882, and on the same day the record of this cause, in the original trial, was filed in the Supreme Court of the State on appeal; that at the time said money was paid to the defendant James B. Patten, and at the time said deed was delivered to the plaintiff, said Sewell Coulson was one of the attorneys of record for the plaintiff in the prosecution of this cause, employed by F. H. Levering, the general attorney for plaintiff in the State of Indiana, to assist in the trial of this cause, and it was agreed by and between said Coulson, as such attorney, and said defendant James B. Patten, that said payment of said judgment and the delivery of said deed and possession of said real estate should be a full settlement of the controversy between said plaintiff and defendants, but said Coulson had no authority to make any agreement in the case, except such authority as he had under his employment by said Levering, and said defendant Patten had no notice

that said Coulson had no such authority; that at the May term, 1884, of the Supreme Court of the State of Indiana, said cause so appealed to said court was in all things reversed by said court, with instructions to grant a new trial therein, and said opinion and judgment of said Supreme Court was duly certified to and filed in said Sullivan Circuit Court and a new trial was granted in said cause; that before the filing of the supplemental complaint in said cause, the plaintiff demanded of said defendant James B. Patten the repayment of said sum of $523.13, which said defendant refused to pay, and the same remains unpaid; that plaintiff has never tendered to defendants, or either of them, a deed for said real estate conveyed by them to plaintiff, nor offered to convey the same to them, nor offered to pay to defendants, or either of them, the rents, issues or profits of said real estate for the time they occupied the same under said deed; that on the 21st day of April, 1883, said defendants conveyed to George W. Buff the lands described in the complaint, except the lands conveyed by defendants to plaintiff, and except said sixteen acres in southwest quarter of southeast quarter of section 2, and on the same day said George W. Buff and wife conveyed the same to plaintiff, and that the deed from said defendants to said Buff had never been recorded; that plaintiff now holds the legal and equitable title to all of the real estate described in the complaint that was ever conveyed to defendants, or either of them, and said lands are of the value of $8,500; that the lands conveyed by defendants to plaintiff are of the value of $4,000."

Upon the foregoing facts the court stated as conclusions of law: "*First.* That the plaintiff is not entitled to a foreclosure of said mortgage against defendants. *Second.* That plaintiff is not entitled to recover on the complaint and supplemental complaint. *Third.* Defendants are entitled to recover their costs laid out and expended since the granting of the new trial herein."

Plaintiff excepted to the conclusions of law.

It is contended by counsel for appellant that the $523.13 was paid, and the deeds executed, by reason of and in compliance with the order and judgment of the court rendered in the first trial of the cause ; that plaintiff was compelled to pay the money in compliance with the judgment of the court to avoid forfeiting its right to the land in case the judgment was not reversed. If the facts found presented the question as argued by the counsel for appellant, or if the appellant had paid the money with a view of preventing a forfeiture of its right to the land, and made no agreement, and had not taken possession of the land under the deed and received the rent, it would present an entirely different question from that presented by the finding of facts in this case. The facts as found show that at the time of the acceptance of the money by the defendant and the execution of the deed, it was agreed between the defendant and the attorney for the plaintiff in the cause, that the payment of the money and the execution and acceptance of the deed should be a settlement of all matters in controversy, which were the matters in litigation ; that although the attorney had no authority to make such agreement, such want of authority was not known to defendant, and that plaintiff accepted the benefit of the contract, accepted the deed made in pursuance of such contract, took possession of the real estate and received and accepted the rents and profits of the land from May, 1882, to 1886, when the cause was reversed, to the amount of $200 per year, and kept and retained the benefit of the contract made by the attorney, which was in excess of the amount paid, and now seeks to recover back the consideration paid for the deed and possession of the real estate.

The finding of facts shows the money to have been received by defendant, and deeds executed by him to the plaintiff, in pursuance of an agreement of settlement, and not in pursuance of the order of court, and the appellant accepted the contract and retained the benefits of it and thereby rati-

fied the same. There is no error in the conclusions of law stated by the court.

Judgment affirmed, with costs.

Filed April 16, 1889; petition for a rehearing overruled June 19, 1889.