Dillen *et al. v.* Johnson *et al.*

16,342.

## Dillen et al. *v.* Johnson et al.

Fraudulent Conveyance.—*Husband and Wife.—Transfer of Property to Wife.— Valid Indebtedness.—Rights of Creditors.*—Where a husband, when he was perfectly solvent, and long before the debt in suit was contracted, gave his wife a sum of money which she kept for several months and then loaned to him, under an agreement that he would repay it, and he transferred to her an interest in a farm in payment thereof, her said interest can not be subjected to the payment of her husband's indebtedness.

From the Miami Circuit Court.

*J. Mitchell* and *C. A. Cole,* for appellants.

*R. Magee, G. W. Funk, N. N. Antrim, J. N. Tillett* and *M. Winfield,* for appellees.

Olds, J.— This action was brought by the appellee John F. Johnson, as cashier of the State National Bank of Logansport, Ind., to recover a judgment against David M. Dillen and Jacob Hershberger on a note and to subject the interest of Eva E. Dillen, wife of David M. Dillen, in certain real estate to the satisfaction of said judgment. It is alleged in the complaint that the real estate sought to be charged was purchased with the means of David M. Dillen and Oren E. Dillen, and the title to the interest purchased by David M. Dillen was taken by him in the name of his wife, Eva E. Dillen, for the purpose of defrauding the creditors of said David M., the said Eva E. paying no part of the consideration.

Upon proper request the court made a special finding of facts and stated conclusions of law in favor of the appellee Johnson, and judgment was rendered subjecting the land to the payment of the judgment. The only question presented, relates to the sufficiency of the evidence to sustain the eighth finding of facts, which finding is essential to sustain the conclusion of law, and is as follows:

" 8th. I do further find that the said Eva E. Dillen paid no part of the consideration for said land, and that the conveyance to her was the voluntary conveyance made by her husband, David M. Dillen, with the fraudulent intent to cheat, hinder and delay his creditors."

We are not pointed to any evidence in the record by counsel for the appellee which sustains this finding, and we have read the evidence and find none which we think tends to support the finding. The appellants, David M. and Eva E. Dillen, testify that long prior to the time the debt sued upon was contracted, David M. owned a farm in Carroll county, Indiana,and that he sold it for $35,000. He owned some other property which he disposed of. At the time he sold the farm he agreed to give to his wife, Eva E., $1,000, and soon after the sale he did give her $1,000 in cash, to be her absolute property, with the expectation that she should use it in the purchase of a home for herself and children. Dillen and wife were at the time contemplating going to California. Afterwards they did go to California and remained several months and returned, Mrs. Dillen retaining the $1,000 in her own possession, carrying it upon her person on her trip to theWest. After they returned from the West to Indiana, Mrs. Dillen loaned the money to her husband to be invested in her name in Kansas land. There was a failure to consummate the trade or purchase of the land in Kansas as contemplated, and Mr. Dillen, her husband, returned to this State again, and invested the $1,000 in the purchase of a livery stable in the city of Logansport, with an agreement between him and his wife to repay to her the money whenever she desired it to purchase a home. At the time Mr. Dillen gave his wife the money, and at the time of the agreement and the investment in the purchase of the livery stable, his sole indebtedness was $1,120, which he owed his brother, Orin E. Dillen, who also purchased an interest in the livery stable and became his partner, each owning at first one-fourth interest. Afterwards Orin became the owner of three-fourths of the livery stable. During the time he owned the

livery stable David M. became indebted and liable for the debt in suit. Afterwards he and his brother made a trade of the livery stable for the farm in question, situate in Miami county, also trading with the livery stable a horse and buggy belonging to the appellant Mrs. Dillen. They took the title to the land in the name of Orin E. Dillen and Eva E. Dillen by agreement with her that the title should be so taken in payment of $1,000 loaned by Mrs. Dillen to her husband, and that she would move upon the farm. The farm was valued at $2,500, and David M. Dillen transferred as part payment $2,400 of notes which were yet due him from the sale of the farm in Carroll county, and it is stated by the witnesses that David M. was owing his brother, Orin E., $800, and that this sum was agreed to be adjusted by Orin E. having a greater interest to this amount in the Miami county farm.

There is no controversy as to the law of the case. The testimony of the parties as to the fact that David M. gave his wife the money, and the manner in which he received it back under an agreement to repay her, and that the interest in the farm in controversy was transferred to her in payment of the same, is not controverted by any evidence in the case. We regard as undisputed facts, that the husband gave to his wife $1,000 when he was perfectly solvent, long before the debt in suit was contracted; that she had the money in her own possession for months, and finally loaned the same to her husband under an agreement that he would repay it, and this $1,000 due her and her horse and buggy went into the purchase of the farm in question, and the title was taken by her in payment of it.

This being true, there is an entire want of evidence to support the eighth finding of fact. She was entitled to protection in so far as she had a valid interest in the land.

There is evidence tending to show that the husband paid part of the consideration for the farm, and from which it might be inferred that he did so to defraud creditors. The

creditors may have a remedy, and the right to reach the surplus in the land above the valid interest of the wife, which the husband may have caused to be put in the name of his wife to defraud creditors, and which she would hold in trust for the creditors, but the wife has the right to be protected in so far as she has a valid interest. *Blair* v. *Smith,* 114 Ind. 114.

The conclusion we have reached leads to a reversal of the judgment.

Judgment reversed, with instructions to grant a new trial.

Filed April 2, 1892; petition for a rehearing overruled June 8, 1892.