Hackney, J.
The appellant, administrator of the estate of Susannah Heiney, deceased, sued the appellees, Emanuel G. Lontz and Mary Lontz, his wife, in two paragraphs' of complaint. The first paragraph charges an indebtedness upon a promissory note executed by the appellees to said Susannah Heiney, and the second charged the same indebtedness and alleged that said note was executed in renewal of another note, previously executed by the appellees, in February, 1878. It was further alleged that said original note was executed to secure a loan of $700.00 extended by said decedent to pay off and discharge a purchase money mortgage executed by the appellees to one *416 Clift, for lands purchased by said Emanuel G. Lontz; that the appellees “applied to the plaintiff’s decedent to loan them the money to satisfy said Clift, and thereby avert the foreclosure of said mortgage, and they promised the said decedent, who was the mother of said Mary Lontz, that, if she would furnish them $700.00 to be used in the payment of said mortgage, she, the said decedent, should hold the lien upon said land that said Clift then held, as her security,” and that the loan was made pursuant to said promise.
It was alleged, also, that said Emanuel G. Lontz was and had been insolvent and had, through a third party, conveyed said lands to- his said wife, intending thereby to fraudulently cheat, hinder and delay the decedent in the collection of said indebtedness, and that Mrs. Lontz took said conveyance with like intent. Upon the first paragraph a personal judgment was sought against both of the appellees, and upon the second a personal judgment was sought against Emanuel G. Lontz, with a lien upon the lands as against both of the appellees. Issues were formed and a trial had, resulting in a special finding and judgment in favor of Mary Lontz and against Emanuel G. Lontz for $854.00.
The facts specially found were that in 1868 Clift conveyed 164 acres of land to Emanuel G. Lontz, who executed his several notes for the purchase money and, together with said Mary Lontz, executed a mortgage of said lands to secure said notes. Forty acres of said lands were reconveyed to Clift, in part payment of said purchase money, and said "Mary Lontz, from time to time, supplied sums of money, aggregating $2,600.00, which were paid in partial discharge of said purchase money upon the agreement between said Mary and her said husband that she should be secured therein from said lands. In February, 1878, Clift was enforcing a *417 decree of foreclosure for the balance of said purchase money due him and, at the request of Emanuel and Mary, the decedent supplied to Emanuel $700.00 for that purpose, and which were, together with other moneys, applied in payment of Clift’s decree.
In evidence of said loan by the decedent said Emanuel and Mary Lontz executed to her their note for $700.00. In February, -1886, a renewal of said last-named note was demanded, and Emanuel executed the note in suit, sending it to the decedent, and, “after-wards, a short time, at the house of Susannah Heiney, and at her request, Mary Lontz signed the same,” there being no other consideration than that stated for the execution thereof. It was found, also, that in the conveyance complained of the appellees acted pursuant to said agreement to secure said Mary and without any fraudulent intent, but with intent to satisfy the claim of said Mary for said sums so advanced. And it was found that the land conveyed was worth $3,100.00 and was incumbered in the sum of $825.00. The conclusions of law were that Mary Lontz should recover against the appellant and that the appellant should recover against the appellee, Emanuel Lontz.
The appellant excepted to the conclusions of law, filed a motion for a venire de novo, which was denied, and filed a motion for a new trial, which was overruled. The questions thus presented in the lower court are assigned as error in this court.
Upon the motion for a venire de novo the learned counsel for appellant cite Cottrell v. Nixon, 109 Ind. 378, and Roberts v. Lindley, 121 Ind. 56, each of which is to the effect that, where the findings of evidence are eliminated from the special finding there does not remain facts found sufficient to support a judgment on the issues, a venire de novo should be awarded. The complaint made against the special finding in this rec *418 ord is that the court failed to find upon the issue of fraud except in the statement of the absence of fraudulent intent, which statement, it is claimed, is a conclusion and not a fact. It will be observed that the authorities cited are not pertinent to the complaint made.
The several issues of fact cast the burden upon the appellants, and it is a well settled rule of practice that where the finding is silent upon any issue it will be presumed that there was no evidence supporting such issue, and the remedy, where the evidence supports the issue, is by motion for a new trial, and not by motion. for a venire de novo. Citizens Bank v. Bolen, 121 Ind. 301; Town of Freedom v. Norris, 128 Ind. 377.
There is no discussion with reference to any particular ground of the motion for a new trial; but since counsel argue the weight and sufficiency of the evidence, we presume they intend to apply their argument to the alleged cause for a new trial that “the finding of the court is contrary to the evidence.” One theory of the complaint was, as indicated by the quotation we have made from it, that the debt was enforceable as a lien upon the land by reason of the agreement of the appellees and the decedent that she “should hold the lien upon said land that said Clift then held.” We have been unable to find the slightest evidence in support of this theory, and counsel, in their brief, do not claim that such evidence was given. Otherwise, the complaint rests upon the theory that, in the first paragraph, both of • the appellees were debtors of the appellant, and that, in the second paragraph, the appellee, Emanuel, was the debtor, and that, by reason of the fraudulent conveyance of the land to his wife it became subject, as against her, to his debt. The complaint admits of no theory that the appellees conspired to obtain the $700.00 by fraud, nor *419 does the evidence justify the possible conclusion that the conveyance was without adequate consideration. Neither is there room, upon the complaint or the evidence, for the claim that the property was originally purchased by and for Mary Lontz and that the debt, to the decedent was, therefore, primarily for her benefit. Conceding that her intention, with reference to the original note, was to become primarily liable for the money borrowed, as the law then stood, her obligation as a married woman, was void. The consideration was a loan to, and was received by her husband, and was applied to the payment of his debt. Authority is not necessary to support this conclusion, and counsel do not controvert it, though authorities are abundant. Maher v. Martin, 43 Ind. 314; Thomas v. Passage, 54 Ind. 106; Putnam v. Tennyson, 50 Ind. 456; Crawford v. Hazelrigg, 117 Ind. 63; Pierce v. Osman, 79 Ind. 259; Keadle v. Siddens, 5 Ind. App. 8.
The act enlarging the powers of married women in contracting was passed after the execution of the original note and on March 25, 1879, Acts of 1879, p. 160. And the legal disabilities of married women were removed still later — September 19, 1881 — section 6960, Burns’ R. S. 1894,
The note in suit had no other consideration than that supporting the first. The appellee, Mary Lontz, was not, in any view of the evidence, primarily liable for the debt, and to regard her as the surety for the debt of her husband, upon the note in suit, no liability would arise from that relation. When the conveyance was made she was a creditor of her husband and her mother was his creditor also. He preferred his wife, and conveyed the lands, upon an adequate consideration, in satisfaction of her debt. No inference of fraud arises from these facts. In Adams v. Curtis, 137 Ind. 175, a case cited by counsel for appellants, it is said:
*420 “It is the law that a mortgage or deed given by a husband to his wife to secure or pay a bona -fide debt due her from Rim, will be upheld, although at the time of its execution she may have known that he was indebted to other parties, and that suits were pending to enforce the collection of such claims; that a preference may be given to any lawful demand against a debtor, whether due or not, and whether held by his brother, his wife, or his attorney, or any other person. Dice v. Irvin, 110 Ind. 561; Cornell v. Gibson, 114 Ind. 144; Brigham v. Hubbard, 115 Ind. 474; Brookville Nat’l Bank v. Kimble, 76 Ind. 195.”
In that case, however, unlike the present case, it appeared that the wife was guilty of active affirmative fraud. In the case of Phillips v. Kennedy, 139 Ind. 419, also cited by counsel for appellants, it affirmatively appeared that the alleged fraudulent conveyance to the wife was without consideration.
Notwithstanding the form of the issue, counsel for appellants insist that because Mrs. Lontz had furnished $2,600.00 of the money to pay the debt of her husband, and because she had pledged her inchoate interest in the land, by joining in the mortgage to Clift, she had such an interest in the property and in securing the loan from her mother as to create an equity against her and in favor of the appellant. From what we have said we think it perfectly manifest that Mrs. Heiney obtained no lien upon the land at the time either of the notes was executed. The land then belonged to Emanuel Lontz, and he became her debtor in borrowing money to discharge a lien in favor of another. Mrs. Lontz was not, at that time, legally or equitably the debtor of Mrs. Heiney. The transfer of the land neither carried an equitable lien with it nor created one by reason of any liability of Mrs. Lontz when she received it. The naked inquiry re- *421 retaining, if it were pertinent to the issue, would be, did Mrs. Heiney become entitled to subrogation under Clift’s mortgage, from having made the loan of a sum to pay such mortgage? If she did, the same rule would apply in favor of Mrs. Lontz, whose $2,600.00 paid a great portion of the Clift mortgage prior to the loan from Mrs. Heiney. However, it has been held that one who advances money for the payment of an incumbrance, upon the promise merely of repayment, without any interest of his own to protect and without promise of subrogation, and, we may add, without fraud or imposition upon him, is not entitled to subrogation. McClure v. Andrews, 68 Ind. 97; Sheldon on Subrogation (2d ed.), section 3; Shinn v. Budd, 14 N. J. Eq. 234; Webster and Goldsmith’s Appeal, 86 Pa. St. 409; Guy v. DuUprey, 16 Cal. 195. The cases of Sidener v. Pavey, 77 Ind. 241; Johnson v. Barrett, 117 Ind. 551, and Spaulding v. Harvey, 129 Ind. 106, each contain an element of fraud in the procurement of the second loan from which the first, and the lien incident thereto, are discharged. They are not, therefore, in point upon this question.
In our opinion the conclusions of law were correctly stated and the facts found were not contrary to, but were supported by the evidence.
The judgment is affirmed.