State Bank *v.* Backus.

---

STATE BANK OF INDIANA *v.* BACKUS ET AL.

[No. 20,106. Filed May 26, 1903.]

APPEAL AND ERROR.—*Special Finding.*—*Silence of Finding.*—The silence of the special finding will be considered on appeal as equivalent to an express finding against the appellant on all material facts which it was obliged to prove. *pp. 692, 693.*

MORTGAGES.—*Failure to Record.*—*Good as Against General Creditors.*—*Fraud.*—In the absence of express fraud, the failure of a mortgagee to record a mortgage within the time fixed by the statute will not, as against the general creditors of the mortgagor, either prior or subsequent, render it invalid. *pp. 693-695.*

FRAUDULENT CONVEYANCE.—*Failure to Record Deed.*—The mere fact that a deed executed by a husband to his wife to secure a debt to the wife was withheld from record by the latter to preserve the husband's credit, she knowing that her husband was engaged in a hazardous financial business, will not render the deed invalid as against subsequent unsecured creditors who extended credit to the husband on the faith of his supposed ownership of the property, no dishonesty or fraud on the part of the wife being shown to exist. *pp. 694, 695.*

SAME.—*Failure to Record Deed.*—*Mortgages.*—The fact that a deed executed by a husband to his wife to secure a debt due the wife was purposely kept off the record, with a fraudulent intent, would not vitiate a subsequent mortgage executed by the hus-

State Bank *v.* Backus.

band to his wife in good faith, and upon a valuable consideration, although the new mortgage was intended to secure the debt described in the instrument which was never recorded. *pp. 695-697.*

MORTGAGES.—*Foreclosure.*—*Decree.*—In a suit to foreclose a mortgage in which defendant's wife was joined as an encumbrancer, a provision in the decree that in case the property was purchased by the wife she should have the right to credit her mortgage indebtedness on the purchase price after paying in a sum sufficient to discharge in full the prior liens was not improper. *pp. 697-699.*

SAME.—*Foreclosure.*—*Decree.*—*Inchoate Interest of Wife.*—A foreclosure decree directing the sale of the undivided two-thirds of the realty in the first instance and reserving the remainder for defendant's wife as and for her inchoate interest in the real estate was proper. *pp. 697-699.*

From Superior Court of Marion County; *Vinson Carter,* Judge.

Suit by State Bank of Indiana against Victor M. Backus and others. From a judgment in defendants' favor, plaintiff appeals. Appealed from Appellate Court, under clause 3, §1337j Burns 1901. *Affirmed.*

*J. W. Claypool* and *D. W. Howe,* for appellant.

*J. R. Wilson, M. M. Townley, Pierre Gray* and *F. C. Cutter,* for appellees.

DOWLING, J.—The suit was brought by the appellant to foreclose a mortgage upon real estate in the city of Indianapolis; also to set aside as fraudulent a certain deed and mortgage upon the same property executed by the appellee Backus to his wife, and to subject the premises to four judgments in favor of the bank and against Backus. The appellees, Backus and wife, each filed an answer in denial. The Rand Drill Company, another appellee, filed an answer setting up a judgment against Backus held by it. By a supplemental complaint, the bank demanded the recovery of certain taxes paid by it after the commencement of the suit, making the appellee Robinson a defendant, and requiring him to answer as to his interest. Robinson filed a disclaimer, and the other defendants separately answered, denying the matters stated in the supplemental complaint.

At the request of the parties, the court made a special finding of facts, with its conclusions of law thereon. The appellant excepted to the third and fourth conclusions, and the court rendered judgment upon the finding. Motions by the appellant to modify the judgment were made and overruled. These decisions are assigned for error.

The material facts found by the court were: That Backus owned certain real estate in the city of Indianapolis; that on February 4, 1894, he borrowed $4,000 from one McCarty, for which he executed his two notes for $2,000 each, with interest coupons attached, and secured the same by a mortgage on the real estate described in the complaint; that the mortgage was duly recorded; that the time for the payment of said notes was afterwards extended by agreement until February 2, 1898, and that on April 24, 1897, McCarty sold and assigned the two notes, with the unpaid interest coupons, to the bank; that afterwards, as the result of certain dealings between Backus and his wife, which need not be set out in detail, in which she advanced and loaned moneys to him, or for his use, Backus became justly indebted to his wife to the amount of $8,656.39, which indebtedness Backus agreed, in writing, with his wife, to secure or pay; that in February, 1895, Mrs. Backus went to San Antonio, Texas, where her husband was engaged in business with other persons in the construction of a public sewer, and procured from Backus a warranty deed to the said premises, which recited a consideration of $24,000, but the actual consideration of which was money advanced and to be advanced by her for the construction of a house on said premises, a claim for money loaned by her to her husband in the years 1882, 1883, and 1886, and certain notes of her husband, to the amount of $10,000, executed by him to the Shaw Carriage Company, purchased by Mrs. Backus from the receiver of that company, and for which she paid not less than $100, nor more than $300; that the said deed was never recorded, but is still

held by Mrs. Backus; that said deed, although absolute in form, was in fact intended to secure said indebtedness; that about April 3, 1896, Mrs. Backus was advised by counsel that the said instrument was, in legal effect, a mortgage; that it was misleading on account of its form, and that she ought to obtain from her husband a mortgage securing the amount claimed to be owing to her by her husband; that on April 3, 1896, Backus executed to his wife a note for $10,750, and secured the payment of the same by a mortgage upon the real estate in controversy in this suit, which mortgage was on April 17, 1896, duly recorded in the office of the recorder of Marion county, Indiana; that the consideration of the said note was $8,250 in money loaned or advanced by Mrs. Backus to her husband, and before that used for the purpose of building a house on said premises, and the sum of $2,500 in money claimed to have been loaned by her to him in 1882, 1883, and 1886. That in January, 1895, Backus entered into a partnership with James W. Wilding, Luther A. Marshall, and William R. Hines, the purpose of which firm being the construction of a public sewer in the city of San Antonio, Texas; that on April 30, 1895, said firm borrowed from the appellant $10,000; on the same day said appellant bought two notes each for $2,500, executed by said firm; on the same day said firm borrowed from the appellant the further sum of $5,000; and on June 4, 1895, a further loan of $5,000 was made by the appellant to said firm; that all these notes, except the two purchased by the appellant, were indorsed by each member of the said firm, and were renewed from time to time; that none of said notes was paid; that said firm, after prosecuting the work on said sewer at San Antonio for a short time, became insolvent; that suits were brought by the appellant on the said several notes in the superior court of Marion county, Indiana, and that judgments were recovered by the appellant against Backus, Hines, and Wilding as follows: July 1, 1896, a judgment for $6,545.91; July 1, 1896, a judg-

ment for $5,424.78; September 19, 1896, a judgment for $10,759.94; August 21, 1896, a judgment for $2,781.76— all of which judgments are due and unpaid; that on April 20, 1895, when the appellant made its first loan of $10,000 to the said firm, it inquired of the said Victor M. Backus as to the real estate then owned by him, and that he represented to the appellant that he owned the real estate in controversy in this suit, and that he owed nothing upon it except the said McCarty mortgage debt of $4,000 and interest; that after making said loan of $10,000, said appellant caused an examination of the records in the office of the recorder and treasurer of Marion county to be made, and ascertained that said real estate was in the name of the said Victor M. Backus, and did make said loan of $10,000, and all of the subsequent loans and renewals heretofore mentioned, relying on the truth of the representations of said Victor M. Backus, and believing that he was the owner of said real estate described in the complaint herein, and that there were no liens or encumbrances of any kind against the same, other than the said McCarty mortgage. That in the years 1892 and 1893 the appellee Victor M. Backus held the office of treasurer of Marion county, Indiana, from which office he realized profits during said term amounting to $40,000; that at the time of the execution of the deed for the property in controversy by Victor M. Backus to his wife, Mary J. Backus, on May 23, 1895, the said Victor M. Backus was the owner of real estate, including the property in controversy, of the value of $40,000; that he also had personal property of the value of $4,000; that said real estate was encumbered at the time to the amount of $10,-000; that the other indebtedness of the said Victor M. Backus, including the indebtedness to his wife, amounted to $12,000; that the total value of the property owned by Victor M. Backus at said date was $44,000; that the total amount of his indebtedness at said date was $22,000; that

at said date the defendant Marshall was insolvent; that the said defendants, Wilding and Hines, were both solvent, and were worth, between them, at least the sum of $20,000; that at said time the indebtedness of said firm was $45,000; that the assets of said firm at said time were at least $15,000; that at the time of the execution and delivery of said deed of May 23, 1895, by Backus to his wife, she knew that the business in which his firm was engaged was in some degree a hazardous one, in which large profits might be made and large losses sustained; that she also knew that said firm was then indebted to the appellant, for money loaned by it to said firm, in a sum between $10,000 and $15,000, and that she also knew that the recording of said deed would impair the credit of her husband, and for that reason she withheld it from record, that at said time appellant had no knowledge or notice of the agreement in writing between Backus and his wife, by which he agreed to secure or satisfy her claim against him, nor of the alleged indebtedness of the said Backus to his wife, and that it did not obtain knowledge of such indebtedness until after the recording of the mortgage executed by Backus to his wife April 3, 1896, which recording took place April 17, 1896; that between the 23d day of May, 1895, and the 3d day of April, 1896, the appellee Victor M. Backus sold and conveyed a large proportion of his real estate, and on said 3d day of April, 1896, he was the owner of real estate, including the property in controversy in this action, of the value of $28,075; that his individual indebtedness, including the debt to his wife, amounted to $16,956; leaving a surplus of assets over individual indebtedness at that date of $11,119, but that by reason of his liabilities as a member of said firm of Wilding, Marshall, Backus & Hines, he was then insolvent; that on May 23, 1895, the true amount of indebtedness from Backus to his wife was as follows, to wit:

For money paid on construction of the house on
    the property in controversy, including the
    sums which she had promised to furnish and
    did furnish within the next sixty days there-
    after .................................... $8,156.39

Money previously loaned to the said Victor M.
    Backus ............................... 2,500.00

          Total ..................... $10,656.39

From which sum should be deducted the
    money paid by Victor M. Backus upon the
    purchase price of the property of Mary J.
    Backus, at her request.................. $2,000.00

Leaving a balance in favor of Mary J. Backus
    of ................................. $8,656.39

Which sum is due and unpaid, with interest thereon from
April 3, 1896; that to the extent of $2,093.61 the note
executed by Backus to his wife April 3, 1896, and secured
by mortgage on the property in controversy, was without
consideration; that on May 23, 1895, the lot in controversy
in this suit, without the building thereon, was of the value
of $9,000, and the five-foot strip adjacent thereto, and in-
cluded in said premises, owned by Mary J. Backus, was at
said time of the value of $750; that said lot was at the date
of said finding, exclusive of the buildings, of the value of
$12,000; that the five-foot strip adjoining the same, owned
by the appellee Mary J. Backus was of the value of $1,000,
and that the buildings on said lot, including said strip of
five feet, were of the value of $12,000.

The conclusions of law upon the foregoing facts were
stated as follows: "(1) That the deed executed by the
defendant Victor M. Backus to his wife, Mary J. Backus,
on the 23d day of May, 1895, is a mortgage to secure the
indebtedness of Victor M. Backus to his wife, Mary J.
Backus, and plaintiff is entitled to have it so declared. (2)

State Bank *v.* Backus.

That plaintiff is entitled to have judgment against the defendant Victor M. Backus on the notes sued on in the complaint, including attorney's fees, for the sum of $6,029.46, and also to a decree foreclosing said mortgage and an order to sell the mortgaged premises to pay said mortgage debt. (3) That the defendant Mary J. Backus is entitled to a lien on the real estate in controversy, by virtue of the mortgage executed to her on April 3, 1896, for the sum of $8,656.39, with interest thereon from April 3, 1896, at eight per cent., and also to an order, after first paying the amount due to plaintiff under its mortgage, and any tax liens on said mortgaged premises, and costs of this suit, applying the residue to the payment of the said mortgage indebtedness in her favor. (4) That, if there is any residue remaining, the proceeds of the sale of said mortgaged premises after paying the sums in the foregoing conclusions of law, and deducting any sum due the defendant Mary J. Backus on account of her inchoate interest, then plaintiff is entitled to have such residue applied to the payment of the judgments in its favor, as found in number seven of the special finding, in the order of the dates of their rendition."

Counsel for appellant contend that the third and fourth conclusions are erroneous: (1) Because the mortgage of Mrs. Backus was fraudulent; and (2) because she was estopped to set it up to defeat appellant's judgments, whether it was fraudulent or not.

There is no question as to the priority of the mortgage executed to secure the notes given by Backus to McCarty which were assigned to the appellant, but the point in controversy is the validity and precedence of the lien of the deed executed by Backus to his wife as security for her claim against him over the judgments held by the appellant. According to the finding of the court, the debts due to Mrs. Backus from her husband, both at the time of the execution of the deed of May 23, 1895, and of the mortgage of April 3, 1896, to the amount of $8,656.39, with interest

thereon from April 3, 1896, were just and honest, and both instruments were executed in good faith, upon a valuable consideration, and with no intention to cheat, hinder, delay, or defraud anyone. It was also found that at the time of the execution of the deed of May 23, 1895, Backus was solvent. It further appears that the mortgage of April 3, 1896, was executed by Backus as a substitute for the so-called deed of May 23, 1895, which Mrs. Backus had been advised amounted to a mortgage only and was objectionable as misleading on account of its form. There was no agreement or understanding between Backus and his wife that she should keep the deed off the record. Mrs. Backus had no knowledge at any time that her husband was insolvent, or that he intended to obtain or was obtaining credit from the appellant on the faith of her ownership of the real estate described in the complaint, or because said real estate was believed to be unencumbered except by the McCarty mortgage. She did not have her deed which she held as security for the payment of the debts due to her placed upon record, and her reason for so withholding it was her knowledge that the recording of the deed would impair the credit of her husband. She also knew at the time the deed was executed to her that the business in which her husband's firm was engaged was in some degree hazardous, in which large profits might be made and large losses sustained, and she also knew at that time that the said firm was indebted to the appellant for money loaned in a sum between $10,000 and $15,000. In these circumstances, did the fact that the deed of May 23, 1895, was not placed upon record deprive Mrs. Backus of her security under it and under her mortgage of April 3, 1896, as against a general creditor who extended credit to her husband, and to a firm of which he was a member, in the belief that he was the owner of the property in controversy, and that it was unencumbered except by the McCarty mortgage?

The issue in the case is clearly presented by the allega-

tions of the complaint touching the supposed fraud committed by the appellee Mary J. Backus jointly with her husband, which were as follows: "That in anticipation of the anticipated insolvency of said firm, and of all the individual members thereof, and for the purpose of cheating, hindering, and delaying the creditors of the said defendant, Victor M. Backus, and particularly the plaintiff, he and his codefendant Mary J. Backus did conspire together to cover up and conceal the property of the said defendant Victor M. Backus, and to prevent his creditors from reaching the same for the satisfaction of their just claims, and pursuant to said conspiracy said Victor M. Backus did, on or about May 23, 1895, without any consideration therefor, execute to said defendant Mary J. Backus a deed conveying to her the real estate so as aforesaid mortgaged to said Nicholas Mc-Carty, the same being then of the value of about $25,000, but in order to conceal the fact of the execution of said deed, and to hold out the defendant Victor M. Backus to the public and to this plaintiff as still the sole and absolute owner thereof, and thereby to enable him to obtain credit and to borrow money upon the faith of his apparent ownership of said real estate, said defendant Mary J. Backus fraudulently withheld said deed from record, and failed to give any notice whatever to plaintiff or to the public of the making of said deed, or in any way to give notice to the plaintiff or to the public that she held or claimed to hold any title, lien, or interest of any kind whatsoever in or against said real estate. That afterwards, pursuant to the conspiracy between them, as aforesaid, to cheat, hinder, and delay the creditors, and especially the plaintiff, in the collection of their just claims against the said defendant, Victor M. Backus, he did on April 3, 1896, execute a mortgage of said real estate to the said defendant Mary J. Backus, purporting to be made to secure a pretended indebtedness, which plaintiff alleges was wholly false and fictitious, from him to her, of $10,200, which she, the said Mary J. Backus,

also fraudulently withheld from record until April 17, 1896, and after plaintiff had begun an action against her and said Victor M. Backus on some of the notes aforesaid before that time executed by the members of said firm of Wilding, Marshall, Backus & Hines. That there was no consideration for the execution of either said deed or mortgage, and both were executed pursuant to said conspiracy by and between said defendants to cheat, hinder, and delay the creditors of said Victor M. Backus."

The material facts charged, and which constitute the very basis of the supposed right of the appellant to set aside the deed of May 23, 1895, and the mortgage of April 3, 1896, are a conspiracy between Backus and his wife to cheat, hinder, and delay the creditors of Backus; the anticipation by both Backus and his wife of the insolvency of his firm in San Antonio, Texas, and of the individual members thereof; the execution of the deed of May 23, 1895, without consideration; the withholding of the deed from record as a part of the fraudulent scheme to enable Backus to obtain credit, and to cheat, hinder, and delay his creditors; the wholly false and fictitious character of the indebtedness secured by the deed; and the total want of consideration of the mortgage of April 3, 1896.

It might be sufficient to say that none of these allegations was supported by the special finding, and that many of the most important were expressly negatived. No conspiracy was found to exist. At the time of the execution of the deed of May 23, 1895, Backus was solvent. Neither Backus nor his wife anticipated his insolvency or that of his firm. The deed of May 23, 1895, was executed upon a full and valuable consideration, consisting of a just indebtedness of Backus to his wife, amounting to $8,656.39 The deed was not withheld from the record as a part of any fraudulent scheme or understanding between Backus and his wife, but only because she knew that such recording would impair his credit. The indebtedness intended to be secured by the deed

of May 23, 1895, was not false and fictitious, but was true and *bona fide.* The mortgage of April 3, 1896, was made in good faith to secure debts justly owing. Mrs. Backus made no representations concerning the ownership of the property in controversy or the liens thereon, and those made by her husband were made without her knowledge and without authority from her. The mortgage of April 3, 1896, was executed and recorded before the appellant obtained any judgment against Backus. Under repeated decisions of this court, the silence of the special finding must be taken as equivalent to an express finding against the appellant on all material facts which it was obliged to prove. *Archibald* v. *Long,* 144 Ind. 451, 454; *Citizens State Bank* v. *Julian,* 153 Ind. 655, 676; *Durflinger* v. *Baker,* 149 Ind. 375; *Graham* v. *State, ex rel.,* 66 Ind. 386; *Travellers Ins. Co.* v. *Patten,* 98 Ind. 209, 215; *Spraker* v. *Armstrong,* 79 Ind. 577.

This leaves little in the case except the fact that Mrs. Backus voluntarily withheld her deed of May 23, 1895, from the record because she knew that such recording would impair her husband's credit, and that the appellant, relying upon Backus' supposed ownership of the real estate, loaned to him and to his firm the moneys mentioned in the complaint.

It is said that a mortgagee's right depends very essentially upon the registry of his mortgage, and upon the priority of that registry. The policy of this country has been in favor of the certainty and security, as well as convenience, of a registry, both as to deeds and mortgages; and, by the statute law of nearly every state of the Union, every conveyance of real estate, whether absolutely or by way of mortgage, must be recorded in the proper office of the county in which the real estate is situated, after being duly proved or acknowledged and certified as the law prescribes. If not recorded, it is void as against any subsequent purchaser or mortgagee in good faith, and for a valuable consideration

of the same estate, or any portion thereof, whose conveyance shall be first duly recorded. 4 Kent's Comm., 168. Such is the statute of this State, which provides that every conveyance or mortgage of lands, or of any interest therein, shall be recorded in the recorder's office of the county where such lands shall be situated, and that every conveyance not so recorded in forty-five days from the execution thereof shall be fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration. §3350 Burns 1901; *Sparks* v. *State Bank,* 7 Blackf. 469, 472.

It will be seen, however, that the only persons against whom unrecorded deeds and mortgages are by the statute declared to be fraudulent and void are subsequent purchasers, lessees, or mortgagees. General creditors are not within the purview of the act, and they can found no right upon its provisions. When they seek to set aside an unrecorded deed or mortgage as fraudulent, they must establish the fraudulent intent in the execution of the instrument as a fact. The fraud which renders the instrument void as to general creditors is not the failure to record it, but the dishonest or illegal intent with which it was executed and received. It is settled in this State that, in the absence of express fraud, the failure of a mortgagee to record a mortgage within the time fixed by the statute will not, as against the general creditors of the mortgagor, either prior or subsequent, render it invalid. This question received careful and exhaustive examination in *Hutchinson* v. *First Nat. Bank,* 133 Ind. 271, 36 Am. St. 537, and the conclusions arrived at in that case are decisive of the present controversy. The withholding of a mortgage from record is a fact which may be shown in connection with other facts tending to establish fraud in the execution of the instrument; but where, as in the case before us, the court finds either that all of the acts of the parties were done honestly and in good faith, or fails to find that they were dishonest

or fraudulent, the deed or mortgage can not be adjudged fraudulent and void solely on the ground that it was not recorded, and that, in ignorance of the existence of the instruments assailed, credit was given to the mortgagor upon the faith of his supposed ownership of the property. *Wilson* v. *Campbell,* 119 Ind. 286; *Stix* v. *Sadler,* 109 Ind. 254; *Citizens Bank* v. *Bolen,* 121 Ind. 301; *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.,* 127 Ind. 250, 11 L. R. A. 740; *Morgan* v. *Worden,* 145 Ind. 600; *Adams* v. *Curtis,* 137 Ind. 175, 179; *Brigham* v. *Hubbard,* 115 Ind. 474; *Heiney* v. *Lontz,* 147 Ind. 417; *Marmon* v. *White,* 151 Ind. 445; *American Trust, etc., Bank* v. *McGettigan,* 152 Ind. 582, 588, 71 Am. St. 345.

The giving of credit by the appellant to Backus, and its inability to collect its claims, can not be justly attributed to the failure of Mrs. Backus to have her deed placed upon record, nor can they fairly be regarded as the natural and probable consequences of that omission. In giving credit to Backus the appellant may have been influenced by many other considerations, such as his previous standing and character in the business community, his general reputation as a man of property, and his promptness and integrity in former dealings with the bank. The court did not find that if the appellant had known that the deed had been executed, it would not have made the loans to Backus or to his firm.

If it be true, as asserted by counsel for appellant, that the taking of a deed, instead of a mortgage, as security for a debt, is an indication of fraud requiring explanation, we can not say that the transaction was not fully explained by the evidence; and as the court failed to find the existence of fraud, we must presume that such explanation, if necessary, was made.

Without affirming or denying the proposition that a deed not fraudulent when executed may become so by concealment, it is perfectly clear that this result will not follow

from the mere withholding of the deed from record, where the party attacking it is neither a subsequent purchaser, lessee, or mortgagee. To hold that such failure to record would have that effect would be to extend the statute far beyond its letter and purpose, and to place general creditors of the grantor or mortgagor upon the footing of subsequent purchasers, lessees, and mortgagees.

There was no finding that Mrs. Backus allowed her husband to use and invest her moneys in property in his own name, and to get credit upon it, and that she postponed taking security for her claims against him until he became insolvent, or was in danger of insolvency. On the contrary, the court found that she took the deed by way of security at an early stage of the dealings between herself and her husband, and while he was solvent.

The court did not find the existence of fraud as an ultimate fact in the conduct of the appellees, nor is fraud in their proceedings deducible from the other facts specifically found. All of these are consistent with the conclusion that the deed and mortgage executed by Backus to his wife were given in good faith, and we can discover nothing in the conduct of the appellee Mary J. Backus which should operate to estop her from setting up and enforcing her security in the present suit.

But suppose that Mrs. Backus had purposely and with a fraudulent intent withheld from record the instrument executed by her husband May 23, 1895. This would not have prevented her from abandoning it altogether, and taking from her husband a new mortgage to secure the payment of any indebtedness justly due to her from him The appellant could not have been harmed by the mere existence of an instrument under which no right was asserted. Neither would the fact that it was purposely kept off the record with a fraudulent intent vitiate a subsequent mortgage executed by the husband in good faith and upon a valuable consideration, although the new mortgage was intended to secure the

debt described in the instrument which was never recorded. Backus executed the new mortgage April 3, 1896, and it was placed upon record April 17, 1896, within the time required by the statute. The first of appellant's judgments was rendered July 1, 1896, or seventy-four days after the new mortgage was recorded. This mortgage could be set aside by the appellant only upon proof that it was executed without consideration or with a fraudulent intent of which Mrs. Backus had notice, or concerning which she should have made inquiry. As the appellant took no mortgage or other lien upon Backus' real estate, it left him free to mortgage or otherwise encumber or convey the same to any purchaser or mortgagee in good faith for a valuable consideration. The court found that the mortgage of April 3, 1896, was executed by Backus to his wife in good faith, and to secure a valid and just claim against him. She had the right to obtain security for the payment of her claim, just as any other *bona fide* creditor might have done. She did obtain her mortgage before any lien upon the premises mortgaged was acquired by the appellant, and no rule of law or equity deprives her of the advantage so obtained. *Heiney* v. *Lontz,* 147 Ind. 417; *Adams* v. *Curtis,* 137 Ind. 175; *Fulp* v. *Beaver,* 136 Ind. 319; *Dillen* v. *Johnson,* 132 Ind. 75; *Rockland Co.* v. *Summerville,* 139 Ind. 695; *John Shillito Co.* v. *McConnell,* 130 Ind. 41.

The court rendered judgment upon the finding and conclusions of law in favor of the appellant for $6,029.40, the amount due upon the notes assigned by McCarty to the appellant, and for the appellee Mary J. Backus for $12,-309.39. The decree further provided for the foreclosure of the mortgages of the appellant and the appellee Mary J. Backus and, in the first instance, for the sale of the undivided two-thirds of the mortgaged premises, and that the remaining one-third of the real estate be reserved and set apart to the appellee Mary J. Backus, as and for her inchoate interest in said property. It also directed that if the

proceeds of the sale of such two-thirds of the real estate should be more than sufficient to pay the mortgage indebtedness, then such proceeds should be applied (1) to the payment of the costs of the suit; (2) to the discharge of the tax claim held by the appellant, to the amount of $1,630.76, with interest; (3) to the payment of the appellant's judgment for $6,029.40, the amount of the mortgage debt, with interest thereon; (4) to the payment to the appellee Mary J. Backus of $12,309.39, the amount of her mortgage claim, with interest on the same; and (5) to the payment of the judgments due and found to be owing to the appellant as set out in the special finding. The judgment also provided that in case the property should be sold, and the same should be bid in by Mrs. Backus, she should have the right to credit her mortgage indebtedness on the purchase price, after paying in a sum sufficient to discharge in full the claim of the appellant.

The appellant moved to strike out that part of the judgment directing that two-thirds only of the real estate be sold in the first instance, and that the remaining third be reserved and set apart to Mary J. Backus as and for her inchoate interest in the premises. It also moved to strike out so much of the judgment as authorized a credit upon the bid of Mrs. Backus of the amount of her mortgage indebtedness in case she should purchase the property at a sale under the decree after paying in cash the full amount of the claim of the appellant. A further motion was filed by the appellant to modify the decree by striking out everything between the first and last clauses thereof, and inserting in lieu thereof, in substance, that the deed executed by Backus to his wife May 23, 1895, was, in effect, a mortgage to secure the same debt described in the mortgage of April 3, 1896; that the McCarty mortgage, held by the appellant, be foreclosed, and that the whole of the premises in controversy be sold without relief from valuation laws, as other lands are sold on execution; that the proceeds be applied (1) to

the costs of the suit; (2) to the appellant's tax claim of $1,630.76, with interest; (3) to appellant's mortgage claim of $6,029.40, with interest; (4) to the mortgage claim of Mary J. Backus, amounting to $12,309.39, with interest; and (5) to the payment of the judgments held by the appellant, as found by the court, with interest thereon.

While that portion of the decree directing the sale of the mortgaged premises was not, in all respects, such as might have been proper under the statute, the modifications demanded by the appellant were unauthorized and inappropriate, and the court did not err in refusing to make them. The proposed recital concerning the deed of May 23, 1895, was altogether unnecessary; its character and purpose having been fixed and declared by the finding and the decree as it stood. The direction concerning the credit to be allowed upon the bid of Mrs. Backus in the event that she became the purchaser of the real estate at the sale under the decree was not improper, although it may have been superfluous. The proposed order for the sale of the whole of the premises, without provision for the protection of the inchoate interest of Mrs. Backus therein, was palpably wrong. Upon such a sale, unless she redeemed the property within a year, her interest would have been entirely lost.

We find no error in the record. Judgment affirmed.