## BOLTON v. CLARK.

[No. 19,755. Filed October 16, 1903. Rehearing denied and opinion modified April 8, 1904.]

ELECTIONS.—*Contests.*—*Appeal.*—*Contested Ballots as Exhibits in Special Findings.*—*Review.*—Where the findings on appeal from an election contest consist merely of statements that certain ballots were cast at certain precincts, and protested, and counted for one or the other of the candidates, and the original ballots filed as exhibits, without the finding

of any ultimate facts as to the condition of such ballots, there is no evidence before the Supreme Court from which it can determine whether the ballots were legal or illegal. *pp. 472-480.*

ELECTIONS.—*Contests.*—*Appeal.*—*Silence of Special Finding.*—*Presumption.*— Where the special finding of the court in an election contest, by reason of its indefiniteness, is silent as to the legality of a large number of ballots, and other facts were found on which the conclusions of law were properly stated, it will be presumed, on appeal by the contestor, that the contestor having the burden of proof failed in respect to the facts upon which the special finding is silent. *pp. 480, 481.*

From Parke Circuit Court; *J. M. Rabb*, Special Judge.

Election contest by James M. Bolton against William Clark. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*S. D. Puett, J. S. McFadden, G. M. Crane, H. A. Taylor* and *S. R. Hamill*, for appellant.

*R. B. Stinson, H. A. Condit, J. O. Piety, A. G. Cavins, A. M. Higgins, William Tichenor, J. S. Barcus, William Whitaker* and *S. K. Duvall*, for appellee.

DOWLING, J.—The appellant Bolton and the appellee Clark were opposing candidates for the office of treasurer of Vigo county at the general election held November 6, 1900. The board of canvassers, after a comparison and examination of the papers entrusted to it, and a count and tabulation of the vote of the county, declared the appellee, as the person having the highest number of votes given for the office of county treasurer, duly elected to that office, and certified this statement in the manner prescribed by the statute. The appellant thereupon commenced proceedings to contest the election of the appellee. A trial before the board of commissioners of the county resulted in a finding and judgment that the appellant Bolton had received the highest number of legal votes, and that he was entitled to the office. From this judgment the appellee Clark appealed to the Vigo Circuit Court. Upon the application of the appellant, a change of venue was ordered, and the cause was sent to the Parke Circuit Court. A

change of judge being demanded in that court, Hon. J. M. Rabb, the judge of the twenty-first judicial circuit was appointed to try the cause. The issues were submitted to the court for trial without a jury, and at the request of the parties a special finding of the facts was made, with a statement of the conclusions of law thereon. These conclusions were in favor of the appellee, and judgment was rendered accordingly. Bolton appealed to this court.

The errors assigned are upon each conclusion of law and the denial of a motion by the appellant for a modification of the judgment.

No motion was made for a new trial, and the appellant does not question the sufficiency of the evidence to sustain the several findings of fact. No objection was made by the appellant to the form or substance of the special finding, and there was no motion for a *venire de novo*. All we have to determine is whether the facts found by the court authorized the conclusions of law.

The court found that the contestor and contestee were residents of Vigo county, voters therein, and eligible to the office of county treasurer of that county; that each was nominated in due form for such office by a political party, and became its candidate for county treasurer of said county; that the name of each was printed upon the official ballots under the proper party device; that upon a canvass of the votes cast at said election in said county the board of canvassers tabulated the vote, and declared that the appellant Bolton had received 7,531 votes for the said office, and that the appellee Clark had received 7,656 votes for said office; that one Hollingsworth had received 209 votes, and one Hart 136 votes; that the said board of canvassers declared the appellee Clark duly elected to the said office. The court further found that in making the canvass of said votes the board excluded the election returns from precincts A and B of Linton township, and of precinct C of Fayette township, and counted no votes cast in

either of said precincts; that all necessary steps (specifying them) had been taken for the purpose of conducting the election in these three precincts; that 239 votes were cast and counted in said precinct A of Linton township, of which 127 were for the appellant Bolton, ninety-one for the appellee Clark, and seven for Hart; that 201 votes were polled in said precinct B of Linton township, of which the appellant Bolton received 117, the appellee Clark sixty-nine, and Hart ten; that 156 votes were polled in said precinct C of Fayette township, of which the appellant Bolton received ninety-five votes, and the contestee Clark fifty-seven votes. The finding sets out certain irregularities which occurred in holding the election in each of these precincts, but none of them was such as to cause the appellee to be declared elected when he had not received the highest number of legal votes. The court next found that three votes were cast for the appellee Clark by persons who did not possess the qualifications of legal voters; and that one ballot was not counted because, by a mistake of the inspector, it had been placed in the wrong ballot-box. It was further found by the court that thirty-six ballots were protested by different members of the election boards, and were not counted for either candidate.

The form of the finding in regard to each of these ballots, omitting the particulars of each indicated by the blanks, was substantially as follows: The court further finds that there was cast in precinct ——— in the ——— of said county, at said election, one ballot marked exhibit ——— court's finding, and made a part of this finding; that said ballot was protested by said election board and not counted. The court also found that one ballot which was voted for the appellant Bolton was protested and was counted; and that eight ballots were cast for the appellee Clark, were protested and counted for him. The form of each of these findings, omitting the description of the precinct, the number of the exhibit, and the name of the candidate for whom

the ballot was cast, was this: The court further finds that there was voted in precinct ———— in the ———— of said county, at said election, one ballot, which is marked exhibit ——— court's finding, and made a part of this finding, which said ballot was protested by members of said election board and was counted for the ————————.

The conclusions of law were forty in number, and their substance only need be set out. The first declared that Bolton was entitled to have counted for him, in addition to the votes counted for him by the board of canvassers, 127 votes in precinct A of Linton township, and that Clark was entitled to have counted for him, in addition to the votes counted for him by said board, ninety-one votes cast in said precinct A of Linton township. The second stated that Bolton was entitled to have 117 additional votes counted for him which were cast in precinct B of said Linton township, and that Clark was entitled to have counted for him sixty-nine additional votes which were cast in said precinct B of Linton township. The third is that Bolton was entitled to have ninety-five additional votes counted for him which were cast in precinct C of Fayette township, and that Clark was entitled to have fifty-seven additional votes counted for him which were cast in said precinct C of Fayette township. The fourth, fifth, and sixth conclusions are to the effect that three votes cast and counted for Clark were illegal, and should be deducted from the votes counted for him. The seventh conclusion is that the ballot placed by mistake in the wrong ballot-box, and for that reason destroyed, was a legal ballot, and should have been counted for Bolton. The 8th, 9th, 10th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, and 19th conclusions were that the ballots named in them, fourteen in number, being ballots protested and not counted, were legal votes, and should be counted for Bolton. The 23d, 24th, 25th, 26th, 27th, 28th, 29th, 30th, 31st, 32d, 33d, 34th, 35th, 36th, and 37th conclusions were that the ballots named in them, twenty-three

in all, were legal votes, and should have been counted for Clark. The 11th, 20th, 21st, 22d, 30½, and 38th con-clusions were that of the ballots named in them—nine in number—seven were illegal votes, six of which were cast for Clark and one for Bolton, and that two of them were legal votes, which were properly counted for Clark. The fortieth conclusion of law is as follows: "The court fur-ther concludes that the contestor James Bolton did not re-ceive a plurality of all the legal votes cast for the office of county treasurer, and was not duly elected to the office of county treasurer of Vigo county, Indiana."·

The result of these findings and conclusions of law may be stated as follows:

Number of votes for Bolton as returned by board of
    canvassers ..............................7,531
Votes cast for Bolton in precinct A of Linton town-
    ship ....................................  127
Votes cast for Bolton in precinct B of Linton town-
    ship ·...................................  117
Votes cast for Bolton in precinct C of Fayette town-
    ship ....................................   95
Ballot for Bolton improperly destroyed...........    1
Ballots protested and not counted, but which were
    legal votes for Bolton ..................   14

                                          7,885
Deduct illegal vote ...........................    1

    Total vote for Bolton ...................7,884

Number of votes for Clark returned by board of can-
    vassers .......................... ......7,656
Votes cast for Clark in precinct A, Linton township   91
Votes cast for Clark in precinct B, Linton township   69
Votes cast for Clark in precinct C, Fayette township   57

Ballots protested and not counted, but which were
    legal votes for Clark ...................... 23

                                                    7,896
Deduct illegal votes ......................... 9

        Total vote for Clark ..................7,887

The rules previously anounced by this court in many
cases compel us to disregard and lay out of the special
finding the fourteen ballots which were protested and not
counted for either candidate by the board of canvassers,
but which the trial court held should be counted for the ap-
pellant; the one vote found by the trial court to have been
cast for the appellant, and to have been illegal; the one
ballot cast for appellant and destroyed; the twenty-three
ballots which were protested and not counted for either
candidate by the board of canvassers, but which the trial
court held should be counted for the appellee; and the nine
votes, six of which the court found were cast for the ap-
pellee and the remaining three not counted. None of the
findings concerning these ballots states a single fact from
which this court can determine the validity of the ballot,
or for whom it should be counted. The trial court at-
tempted to make the original ballots parts of the several
special findings, and referred to them as exhibits. No
one will assert that the ballots were anything more than
evidence in the cause. They were written instruments,
which might or might not prove certain ultimate facts on
which the legality or illegality of a vote depended. But
they could not be made to take the place of that finding of
facts which the law requires. They were neither the ulti-
mate facts nor the inferential facts to be proved. There
may be cases where it is proper to make a copy of a written
instrument a part of a special finding—as, where the in-
strument itself is the ultimate or inferential fact to be es-

tablished by the evidence—but this is not such a case. *Brunson* v. *Henry,* 152 Ind. 310. Here the question in each instance was whether extrinsic circumstances rendered the ballot legal or illegal. The copies of the forms of the special findings set out in this opinion show that the trial court failed to find any fact whatever from which we could decide whether the ballots were legal or illegal, or whether they should have been counted for the appellant or for the appellee; or for neither of them. The court says in its findings that certain ballots were cast at certain precincts at said election; that they were protested, and were counted for one or the other of the candidates. And these are the only facts found. Had these ballots distinguishing marks on them? If so, what were they? Did the voter stamp the ballot at the proper place or places, or did he put the stamp where it was not lawful to do so? Were the ballots official ballots, or were they privately printed or written? Were they regular in form, and complete in all respects in those particulars designated by the statute? These, and similar inquiries indicate what were the ultimate facts which the court should have found, but which it entirely and in every instance failed to find. The evidence is not before us, and we have no means of determining what the facts were. We cannot look to the fragments of evidence improperly introduced into the special findings by attaching the original ballots to the findings and calling them "exhibits."

In *Cottrell* v. *Nixon,* 109 Ind. 378, 381, 382, the court by Mitchell, J., stated the law in such cases thus: "Instead of finding facts, the special finding simply sets out certain letters, which, it says, were written by the parties respectively. The letters thus written, if transmitted to, and received by, the parties to whom they purport to have been written, may have been competent evidence, to prove the fact of a sale and guaranty. But the distinction between finding the evidence and the facts which the evi-

dence may prove, or tend to prove, cannot be disregarded. *Kealing* v. *Vansickle,* 74 Ind. 529, 39 Am. Rep. 101; *Hessong* v. *Pressley,* 86 Ind. 555; *Shannon* v. *Hay,* 106 Ind. 589. * * * In respect to all the material facts in issue, the special finding wholly fails to make any response, except to set out some inconclusive evidence, which may, or may not, have proved the facts in question."

The same subject is considered and the rule again recognized in *Perkins* v. *Hayward,* 124 Ind. 445, 450, 451, Elliott, J., speaking for the court, in these words: "It is well settled that a special verdict must find the facts and state neither conclusions of law nor mere matters of evidence, and, as we have seen, what is true of a special verdict is true of a special finding. * * * It is the office of a special verdict to find 'the inferential facts, not merely evidentiary facts. * * * The ultimate facts must be stated, and not the evidence by which they are established."

Omitting the ballots concerning which there are no sufficient findings of fact to sustain the conclusions of the trial court, the votes cast for the appellant and appellee and which, according to the conclusions of the court, should be counted, are as follows:

Number of votes for appellant Bolton as returned by
   board of canvassers ........................7,531
Votes cast for appellant in precinct A of Linton town-
   ship .................................. 127
Votes cast for appellant in precinct B of Linton town-
   ship .................................. 117
Votes cast for appellant in precinct C of Fayette
   township .............................. 95
Ballot for appellant improvidently destroyed cannot
   be counted. *Weakley* v. *Wolf,* 148 Ind. 208; *Hall*
   v. *Campbell,* 161 Ind. 406

                                         7,870

Bolton *v.* Clark.

Number of votes for appellee Clark returned by board
 of canvassers ............................7,656
Votes cast for Clark in precinct A of Linton town-
 ship ..................................... 91
Votes cast for Clark in precinct B of Linton town-
 ship ..................................... 69
Votes cast for Clark in precinct C of Fayette town-
 ship ..................................... 57
                                                                  _____
                                                             ' 7,873
· Deduct illegal votes counted for appellee .......... 3
                                                                  _____
                                                               7,870

The special finding, it will be observed, by reason of its
indefiniteness, is silent as to the legality of a large number
of ballots. Other facts are found on which conclusions of
law are properly stated. "In such a case," as was said in
*Cottrell* v. *Nixon,* 109 Ind. 378, 382, "it will be presumed
that the issuable facts, upon which the verdict is silent,
were not proved. The party having the burden of that
issue will be deemed to have failed in respect to the facts
upon which the special finding fails to speak." The issue
in this case was whether the appellant received the high-
est number of legal votes cast at the election in Vigo county
in the year 1900 for county treasurer. By his complaint
he asserted that he did. This was denied. The burden of
this issue was upon appellant, and, as the special finding
does not show that he did receive the highest number of
legal votes cast for any of the candidates for county
treasurer, the conclusion of the court that he was not en-
titled to that office was correct.

As we have before stated, the sufficiency of the findings
in form or substance was not questioned by the appellant,
and there was no motion for a *venire de novo.* The con-
clusions of the court upon the facts found, so far as the
finding is sufficient, were correct, and the judgment was

properly rendered upon the conclusions of law. There was no ground for any modification of the judgment, and the motion for such modification was properly overruled.

Cross-errors were assigned by the appellee, but, in view of the conclusion we have reached, it will be unnecessary to consider them.

We find no error in the record. Judgment affirmed.