GALVIN ET AL. v. TAYLOR ET AL.

[No. 22,623.   Filed May 17, 1916.]

1. INTOXICATING LIQUORS.—*Local Option Elections.—Validity.—Power of Boards of County Commissioners.*—Under §8322 Burns 1914, Acts 1911 p. 363, the board of county commissioners has power to go behind the returns of a local option election as to the result thereof and to declare the correct result, and the result as thus declared is not subject to collateral attack; but, there being nothing in the statute either expressly or impliedly conferring authority to that end, the board has no authority to declare the election void.   p. 738.

2. ELECTIONS.—*Validity.—Powers of Courts.*—There is no inherent power in the courts to pass upon the validity of elections, and the determination of election contests is a judicial function only so far as authorized by statute.   p. 738.

3. INTOXICATING LIQUORS.—*Local Option Elections.—Contests.—Determination of Result.*—Where it is impossible to determine the result of a local option election from the face of the returns, and the evidence introduced in the contest of such election is insufficient to convince the board of county commissioners of the correctness of contestant's claim, the latter must fail since he has not sustained the burden of the issue.   p. 740.

4 JUDGMENT.—*Attack.—Collateral Attack.—"Want of Power".—*Generally any proceeding provided by law for the purpose of avoiding or correcting a judgment is a direct attack that will be sustained on showing the error, while an attempt to do the same thing in any other proceeding is a collateral attack which will be successful only on showing a "want of power", that is, a lack of jurisdiction either of the subject-matter of the proceeding or of the person of a necessary party to the judgment.   p. 740.

5. INTOXICATING LIQUORS.—*Local Option Elections.—Collateral Attack.*—The judgment of a board of county commissioners, having jurisdiction of the parties as well as of the subject-matter, declaring a local option election void, while beyond the power of the board to render, was erroneous rather than void, and was subject to direct attack by appeal but could not be collaterally impeached.   p. 740.

6. APPEAL.—*Term Time Appeal.—Effect.*—An appeal perfected in term time operates in law to suspend all further proceedings under the judgment appealed from, but where an appeal was pending from a judgment declaring a local option election void, and in the meantime an independent proceeding was commenced and venued to the circuit court of another county, the latter court, in the absence of any evidence to show the pendency of such appeal, was bound to treat the judgment declaring such election void as binding on it against direct attack, even though the proceedings were erroneous.   p. 741.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Proceedings on the applications of Patrick Galvin and others for licenses to sell intoxicating liquors. From the judgment rendered, the applicants appeal. *Affirmed.*

*F. J. Heller, D. V. Whiteleather* and *Leonard, Rose & Zollars,* for appellants.

*L. W. Royse* and *Homer Longfellow,* for appellees.

SPENCER, J.—This is an appeal under subd. 11, §1392 Burns 1914, Acts 1907 p. 237, from a judgment of the Elkhart Circuit Court, denying appellants' applications for licenses to sell intoxicating liquors.

It appears that on April 7, 1913, a petition was filed with the Board of Commissioners of Kosciusko County asking for a local option election in Washington Township in said county. The board of commissioners held the petition sufficient and pursuant thereto an election was had on April 29 in which, as it appeared from the report of the election commissioners, 268 votes were cast against and 270 votes in favor of the sale of intoxicating liquors in said township. Subsequently certain parties in interest filed a statement of contest with the board of commissioners and charged in the statement that four persons, naming them, who were not at the time qualified legal voters in said township, voted at said local option election; that the casting and counting of their several votes was wrongful and illegal, and that such votes should have been thrown out; that the casting and counting of the four illegal votes changed the result of the election. Prayer that the result of the election be declared in favor of those who opposed the sale of intoxicating liquors or that the election be declared illegal and void, and the re-

sult vacated. A hearing was had on said statement of contest before the board of commissioners, which found that "there were votes cast at said election by persons not entitled to vote in said township in a number greater than the apparent majority of the 'no' vote over the 'yes' vote and from the unsatisfactory state of the evidence, it is impossible to determine how such illegal votes were cast and on account of the closeness of the vote it is impossible to determine which side of the proposition submitted obtained a majority of all the legal votes cast." The board therefore ordered and adjudged that "said election be and the same is hereby declared illegal and void and that the same is no election", and ordered that a second election be held on June 10, 1913, on the same question. Such election was held and a majority of the votes cast was against the sale of intoxicating liquors in said township.

Following the election of April 29, appellants filed with the board of commissioners their applications for licenses to sell intoxicating liquors. On July 7, 1913, the board dismissed the same on the ground that the election of June 10 was legal and that it had no jurisdiction to consider said applications. An appeal from this decision was taken to the Kosciusko Circuit Court and subsequently venued to the Elkhart Circuit Court, where the cause was tried de novo and a judgment entered dismissing each application.

It is appellants' contention that the election of June 10 was void and therefore no bar to the granting of the licenses applied for. This contention is based on two grounds: (1) that the board of commissioners had no jurisdiction to declare the election of April 29 void, and (2) that it had no authority to order the election of June 10. The statute here involved pro-

vides that the results of a local option election shall
be certified by the election commissioners to the
county auditor "and the board of commissioners of
said county shall make and enter an order at the
next regular session declaring the result of such elec-
tion." §8322 Burns 1914, Acts 1911 p. 363. It'is
conceded that, under this statute, the board of
county commissioners has the power to go behind
the return of the election commissioners as to the re-
sult of a local option election, and to determine and
declare the correct result. State v. Ade (1912),
178 Ind. 588, 591, 99 N. E. 983; Jay v. O'Donnell
(1912), 178 Ind. 282, 291, 98 N. E. 349, Ann. Cas.
1915 C 325. The same authorities sustain the prop-
osition that its declaration thereon is not subject to
collateral attack. But in the case at bar, the board
of commissioners, by its judgment, made no at-
tempt to declare the correct result of the election of
April 29. On the contrary, it declared said elec-
tion to be void and without result, and ordered the
holding of a new election. The power to investi-
gate and declare the correct result of an election is a
power far different from that to declare said elec-
tion illegal and void. In discussing the right of a
court to declare a primary election void under a
statute which gave to the court the power to de-
termine which candidates, in the event of a contest,
were entitled to nomination, the supreme court
of Kentucky uses this language: "There is no in-
herent power in the courts to pass upon the validity
of elections or to try contested election cases; their
authority is wholly statutory and must be either
given expressly or by necessary implication. There
is certainly no authority expressly given in the act
to declare a primary void, and it would be unfair in
the absence of more explicit language to imply a
meaning so utterly inconsistent with the general

purposes of the act." *Pflanz* v. *Foster* (1913), 155 Ky. 15, 19, 159 S. W. 641, 643. Again, in 15 Cyc 394, it is said: "Elections belong to the political branch of the government and are beyond the control of the judicial power. The determination of election contests is a judicial function only so far as authorized by the statute." See, also, *Burks* v. *State* (1907), 51 Tex. Cr. Rep. 637, 103 S. W. 850. There is nothing in the statute under consideration, which authorizes a board of commissioners, either expressly or by necessary implication, to declare an election void. It is clothed with jurisdiction only to determine the correct result of the election as held and if the evidence introduced in such election contest is insufficient to convince the board of the correctness of the contestant's claim, then the latter has failed to sustain his burden of the issue. *Bolton* v. *Clark* (1904), 162 Ind. 471, 480, 68 N. E. 283. It is certain that the board of commissioners had no authority to declare invalid the election of April 29.

Appellees insist, however, that this is a collateral attack on the judgment thus entered by the board of commissioners and for that reason can not prevail. Generally speaking, "any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power. Van Fleet, Collat. Attack, §3. The expression "want of power," as thus used, means a lack of jurisdiction, either of the subject-matter of the proceeding or of the person of a necessary party to the judgment. No contention is here made that the necessary parties were not properly before the board and it is

clear that the statute conferred jurisdiction on that tribunal to hear and determine the election contest. True, the board exceeded its authority in entering judgment, but its action in that regard was erroneous rather than void. It was subject to direct attack by way of appeal but could not be collaterally impeached. In fact, appellants herein did prosecute an appeal to the Kosciusko Circuit Court and to this court from the judgment of the board of commissioners declaring invalid the election of April 29, and in the case of *Galvin* v. *Logan* (1915), 182 Ind. 647, 106 N. E. 871, we held, in effect, that such appeal was properly taken from a judgment which finally determined a distinct branch of the proceeding. That appeal was perfected in term time and thereafter operated in law to suspend all further proceedings under the judgment appealed from. §679 Burns 1914, §638 R. S. 1881; *Dinwiddie* v. *Shipman* (1915), 183 Ind. 82, 108 N. E. 228, and cases cited; *June* v. *Payne* (1886), 107 Ind. 307, 310, 7 N. E. 370, 8 N. E. 556; *Young* v. *State* (1870), 34 Ind. 46; *May* v. *Commonwealth* (1915), 160 Ky. 785, 170 S. W. 493.

No evidence was introduced in the Elkhart Circuit Court, however, to show the pendency of that appeal and in the absence of such a showing, that court was bound to treat the judgment of the board of commissioners, and the subsequent proceedings thereunder, as binding on it, even though they were erroneous as against direct attack.

The judgment of the trial court must be. and is affirmed.

NOTE.—Reported in 112 N. E. 513. See, also, under (1) 23 Cyc 101; (2) 15 Cyc 397; (3) 23 Cyc 101; (4) 23 Cyc 1062; (5) 23 Cyc 101.