## DAILY v. SMITH.

[No. 9,457. Filed January 11, 1918.]

1. APPEAL.— *Briefs.*—*Sufficiency.*—*Questions Reviewable.*—Where appellant, under the heading of points and authorities in her brief, set out a number of propositions, but did not apply them to either of the assigned errors, nor to any particular decision or ruling of the trial court, the argument will not be scrutinized to supply the omission, and no question was presented unless the particular wording of the propositions indicates with sufficient certainty the ruling to which they were intended to apply. p. 395.

2. TRIAL.—*Findings.*—*Ultimate Facts.*—*Omission of Evidentiary Facts.*—In an action in replevin, the trial court did not commit error by failing to set out in its special findings the terms of certain leases referred to therein, or by failing to find that by the terms of such leases defendant did not reserve certain property involved in the action where such facts were merely evidentiary, since it is not the office of a special finding of facts to set out the evidence, either written or oral, but it should contain the ultimate facts proved by the evidence, pertinent to and proper under the issues tendered by the pleadings. p. 397.

3. TRIAL. — *Findings.* — *Ultimate Facts.* — *Including Evidentiary Facts.*—Although it is not necessarily improper to set out an instrument or writing in a special finding, and although, when set out, it may take the place of a finding of the ultimate fact, the fact itself is the appropriate and necessary element of a special

finding, and the evidence of such fact, whether written or oral, is not required to be set out in the finding, and, when it is, will not take the place of the ultimate fact, except where it.necessitates the inference of the ultimate fact. p. 397.

4. TRIAL.—*Findings.*—*Failure to Find Issuable Fact.*—*Inferences.* —Where a special finding is silent on an issuable fact, such fact, for the purpose of determining the correctness of the conclusions of law, will be treated as not proved, and the finding. will be against the party having the burden of that issue. p. 398.

5. APPEAL.—*Presenting Questions for Review.*—*Special Findings.* —*Sufficiency of Evidence.*—Where an essential fact found, whether expressly found in the special finding of facts, or resulting from failure to find, is not supported by any evidence, the question of the correctness of such finding is raised by those grounds of a motion for a new trial which challenge the decision as not being sustained by sufficient evidence. p. 398.

6. APPEAL.—*Review.*—*Harmless Error.*—*Conclusion of Law.*—In an action in replevin, a conclusion of law that the court found that the law was with the defendant, and that by the terms of a decree of divorce defendant became the owner of the property in controversy and had a right to remove it from a storeroom and was entitled to judgment, if the general conclusion, upon which the judgment was based, that the law was with the defendant was supported by the facts found, no prejudicial error resulted from the remainder of the conclusion, which was unnecessary to support the judgment. p. 399.

7. TRIAL.—*Special Findings.*—*Presumptions.*—Presumptions or intendments are not in favor of a special finding. p. 399.

8. APPEAL.—*Review.*—*Conclusions of Law.*—*Matters not Necessary to Support Judgment.*—In an action in replevin, as the failure of the trial court to find a fact essential to plaintiff's recovery was the equivalent of a finding against her as to such fact, and hence authorized a conclusion of law that the law was with the defendant, that part of the conclusion attempting to show title in defendant was unnecessary to the support of the judgment in his favor, and its correctness need not be determined. p. 400.

From Marion Superior Court (96,324); *W. W. Thornton,* Judge.

Action by Mary B. Daily against Alvie O. Smith. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles T. Hanna* and *Thomas A. Daily,* for appellant.

*Solon B. Selleck,* for appellee.

HOTTEL, J.—This is an appeal from a judgment of the Marion Superior Court in appellee's favor in an action in replevin begun by appellant before a justice of the peace for the recovery of certain counters, bins, etc., alleged to be the property of the plaintiff. There was a trial by the court, with a special finding of facts and conclusions of law. A motion for new trial filed by appellant was overruled. The errors assigned and relied on for reversal challenge (1) "the conclusions of law stated upon the finding of facts," and (2) the ruling on said motion. The motion for new trial contains seven separate grounds. Under the heading "Points and Authorities" in appellant's briefs, "propositions" numbered from 1 to 6, inclusive, are stated.

1. Appellant nowhere under her points and authorities applies said propositions to either of said assigned errors, nor is either of said propositions addressed to any particular decision or ruling of the court challenged by either of such assigned errors. The argument will not be looked into to supply this omission. *Pittsburgh, etc., R. Co.* v. *Greb* (1904), 34 Ind. App. 625, 73 N. E. 620; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9; *Evansville, etc., R. Co.* v. *Hoffman* (1918), 67 Ind. App. —, 118 N. E. 151, and cases cited.

It follows that no question is presented by said propositions unless the court can say that the particular wording of one or more of them is such as to indicate with sufficient certainty the ruling to which it is intended to apply, in which case the court may

consider the question or questions so presented. *Low v. Dallas* (1905), 165 Ind. 392, 394, 75 N. E. 822; *German Fire Ins. Co. v. Zonker* (1914), 57 Ind. App. 696, 703, 704, 108 N. E. 160; *Town of Newpoint v. Cleveland, etc., R. Co.* (1915), 59 Ind. App. 147, 150, 107 N. E. 560. Said propositions are as follows:

"Proposition 1. The term 'fixtures' ordinarily is construed to mean articles annexed to the realty unless it appears to have been intended to have some other meaning. In the divorce decree between Virdie Smith and Alvie O. Smith, the defendant herein, it clearly appears that the word 'fixture' was meant to apply to the store appliances of Alvie O. Smith which were not a part of the realty then owned and mortgaged by Alvie O. Smith and Virdie Smith, as tenants by the entireties.

"Proposition 2. Trade fixtures, attached to the realty, upon a conveyance of the realty, in the absence of an express reservation, pass to the vendee.

"Proposition 3. The counters, shelves, bins and screen doors, having been placed in and attached to the storeroom by the owners to enable them to use or rent it to a better advantage, and being essential for the purpose for which the building was used, became a part of the realty upon a conveyance to the vendee.

"Proposition 4. Alvie O. Smith, abandoned his lease of said storeroom at the time he sold his undivided one-half interest therein, continued in possession and accepted a new lease thereof from Mary B. Daily, in which no provision was made for the removal of the fixtures attached to the building and thereby abandoned his right thereto.

"Proposition 5. The failure of the court to set out in his special finding of facts the lease, introduced in evidence by the plaintiff, or to find that the defendant, Alvie O. Smith, did not reserve at the time of the execution of the new

lease the right to remove any of the fixtures then attached to the building at the expiration of said lease, or to find any other material fact, was error.

"Proposition 6. Failure of the court to find facts correctly is cause for a new trial."

We find among the grounds of the motion for new trial that Nos. 6 and 7, *supra,* respectively challenge as error the action of the court "in failing to set out in its special findings the terms of the lease and leases referred to in the court's special finding    *    *    *    thirteen," and "in failing to set out in its special findings    *    *    *    that by the terms of the lease and leases referred to in    *    *    * finding    *    *    *    thirteen    *    *    *    the defendant, Alvie O. Smith, in said lease and leases did not reserve any of the fixtures involved in this action."

The wording of propositions Nos. 5 and 6, *supra,* would indicate that they are addressed to these grounds of said motion. Giving appellant the benefit of the assumption that said propositions were to apply to said grounds of the motion for new trial, they can be of no avail for the following reasons: (1) It is not the office of a special finding of facts to set out the evidence, either written or oral, but it should contain instead the ultimate facts proved by the evidence pertinent to and proper under the issues tendered by the pleadings. *Cottrell* v. *Nixon* (1887), 109 Ind. 378, 381, 388, 10 N. E. 122; *Bolton* v. *Clark* (1903), 162 Ind. 471, 68 N. E. 283; *Trustees, etc.* v. *Shoemaker's Estate* (1898), 20 Ind. App. 319, 50 N. E. 594. It should not be understood from what we have just said that it is necessarily improper to set out an instrument or writing in a special finding, or, that when set out, it may not take

the place of a finding of the ultimate fact, but such fact itself is the appropriate and necessary element of a special finding, and the evidence of such fact, whether written or oral, is not required to be set out in the finding, and, when set out, will not take the place of the ultimate fact, except where it necessitates the inference of the ultimate fact.  (2) Where the finding is silent on any such issuable fact, such fact, for the purpose of determining the correctness of the conclusions of law, will be treated as not proved, and hence the finding will be against the party having the burden of that issue. *Spade* v. *Hawkins* (1915), 60 Ind. App. 388, 392, 110 N. E. 1010; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 557, 78 N. E. 182, and cases there cited.  (3) Where an essential fact found, whether expressly found in the special finding of facts, or resulting from a failure to find, is not supported by any evidence, the question of the correctness of such finding is raised by those grounds of a motion for new trial which challenge the decision as not being sustained by sufficient evidence.  *Polley* v. *Pogue* (1906), 38 Ind. App. 678, 680, 78 N. E. 1051, and cases there cited; *Chappell* v. *Jasper County Oil, etc., Co.* (1902), 31 Ind. App. 170, 177, 66 N. E. 515; *Heiney, Admr.,* v. *Lontz* (1896), 147 Ind. 417, 420, 46 N. E. 665, and cases there cited.

It follows, therefore, that no error is presented by either of said grounds of the motion for new trial to which we assumed that propositions Nos. 5 and 6 were intended to be addressed.

We do not think there is anything in either of the other propositions, *supra,* from which the court can say whether they are addressed to the conclusions of law or to one or the other of those grounds of the

motion for new trial which respectively challenge the decision as being contrary to law, and not sustained by sufficient evidence. Assuming, however, that they are intended to be addressed to said grounds of the motion, our examination of the evidence convinces us that we cannot say that the decision is not sustained by sufficient evidence or is contrary to law.

However, appellee seems to treat said propositions as being addressed to the conclusion of law, which is as follows: "Upon the foregoing facts the 6. court finds the law is with the defendant, that by the terms of said decree of divorce the defendant became the owner of the property in controversy and had a right to remove the same from said storeroom and that he is entitled to judgment herein."

It will be observed that there is a general conclusion that the law is with the defendant. If this part of the conclusion of law be correct, no prejudicial error is presented by what follows; that is to say, if the facts found are sufficient to support the conclusion of law upon which the judgment is based, no prejudicial error resulted from a conclusion of law unnecessary to the support of such judgment. *Hill* v. *Swihart* (1897), 148 Ind. 319, 324, 47 N. E. 705; *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 330, 331, 23 N. E. 782, 7 L. R. A. 257.

The finding is not satisfactory in that in one or more controlling instances it contains the evidence, rather than the ultimate fact, and much is left 7. to presumptions or intendments, which are not available in favor of a special finding. *Hill* v. *Swihart, supra; Cleveland, etc., R. Co.* v. *Money-hun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L. R. A.

141; *Town of Freedom* v. *Norris* (1891), 128 Ind. 377, 384, 27 N. E. 869.

The burden, however, was on the appellant, and, as before indicated, the failure to find a fact essential to her recovery, or indefiniteness or uncertainty as to such essential fact, is the equivalent of a finding against her as to such fact, and hence authorizes the conclusion of law that the law is with the defendant. The appellant's right to recover depended on the strength of her title, and not on the weakness of appellee's. It follows that that part of the conclusion of law which attempts to show a title to the property in appellee is unnecessary to the support of the judgment in his favor, and hence its correctness need not be determined.

As the finding comes to us, we cannot say that there is error in the conclusion of law. The judgment is therefore affirmed.

NOTE.—Reported in 118 N. E. 312.